Rick Klingbeil, OSB No. 933326
RICK KLINGBEIL, P.C.
520 SW Sixth, Ste. 950
Portland, Oregon 97204
Phone: 503-473-8565
E-Mail Address:  rick@klingbeil-law.com

**ORIGINAL**

Of Attorneys for Plaintiff

FILED'08 FEB 08 15:17 USDC-ORP

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

|  |  |
|---|---|
| **TAILGATE NATION  INC.,** a Missouri corporation; and **BRADFORD J. GLEESON**, an individual,<br><br>        Plaintiffs,<br><br>  v.<br><br>**TOP MARKETING USA,** a foreign corporation; **WILD SALES, LLC,** a foreign corporation; **ANHEUSER-BUSCH, INC.,** a foreign corporation; **NFL ENTERPRISES, LLC,** a foreign corporation; **NFL PRODUCTIONS, LLC,** a foreign corporation; **IMG,** a foreign corporation, dba **COLLEGIATE LICENSING CORPORATION; SPORTS AUTHORITY,  INC.,** a foreign corporation; **AMAZON COM, INC.,** a foreign corporation; **G. I. JOE'S, INC.,** an Oregon corporation dba **JOE'S SPORTS, OUTDOOR & MORE,** and **TOYS "R" US-DELAWARE, INC,** a foreign corporation,<br><br>        Defendants. | Civil No.<br><br>**CV '08 - . 167  AA**<br><br>**COMPLAINT (Patent Infringement, Trademark Infringement, Trademark Counterfeiting, False Advertising, UTPA, Unfair Competition, Breach of Contract)**<br><br><br><br>**JURY TRIAL REQUESTED** |

**PAGE 1 -**  **COMPLAINT (Patent Infringement, Trademark Infringement, Trademark Counterfeiting,  False Advertising, UTPA, Unfair Competition, Breach of Contract)**

RICK KLINGBEIL, PC
520 SW Sixth, #950
Portland, OR 97204
Ph: 503-473-8565
Fax: 503-546-0598
email: rick@klingbeil-law.com

## NATURE OF THE CASE

1.      This is an action at law and in equity for patent infringement under 35 U.S.C. §

271, trademark infringement, trademark counterfeiting, and unfair and deceptive trade practices

arising under the Trademark Act of 1946, 15 U.S.C. § 1051 et seq. (the "Lanham Act") and

common law, and claims under the Unlawful Trade Practices Act set forth in Section 646 of the

Oregon Revised Statutes, statutory and common law unfair competition, and breach of contract.

2.      Plaintiffs demand a trail by jury for all issues so triable.

## PARTIES

3.      Plaintiff **TAILGATE NATION** is a corporation with its principal place of

business in St. Charles, Missouri. Plaintiff **BRADFORD J. GLEESON ("GLEESON")** is an

individual residing in St. Charles, Missouri.

4.      Defendant **TOP MARKETING USA** ("Top") is a corporation with its principal

place of business located at 8206 Exchange Way, Saint Louis, Missouri, 63144 .

5.      Defendant **WILD SALES, LLC** ("Wild Sales") is a corporation with its principal

place of business at 969 Keystone Way, Ste. 120, Carmel, Indiana, 46032-3001.

6.      Defendant **ANHEUSER-BUSCH, INC.** ("Anheuser-Busch") is a corporation

with its principal place of business in St. Louis, Missouri.

7.      Defendant **NFL ENTERPRISES, LLC** and **NFL PRODUCTIONS, LLC**

(collectively, w"NFL") are corporations wholly owned by the National Football League, which

has its principal place of business at 280 Park Avenue, New York, New York, 10017.

8.      **COLLEGIATE LICENSING CORPORATION** is a unit within defendant

**IMG's** Sports and Entertainment Group, and has its principal place of business at 290 Interstate

**PAGE 2 -    COMPLAINT (Patent Infringement, Trademark Infringement, Trademark**
**Counterfeiting,  False Advertising, UTPA, Unfair Competition, Breach of Contract)**

RICK KLINGBEIL, PC
520 SW Sixth, #950
Portland, OR 97204
Ph: 503-473-8565
Fax: 503-546-0598
email: rick@klingbeil-law.com

North Circle, Suite 200, Atlanta, Georgia, 30339.

     9.    Defendant **SPORTS AUTHORITY, INC.** is a corporation engaged in retail sales

and distribution with six stores located in Oregon, and with its principal place of business in

Englewood, Colorado.

     10.    Defendant **AMAZON.COM, INC.**, is a corporation with its principal place of

business in Seattle, Washington.

     11.    Defendant **G. I. JOE'S, INC.**, an Oregon corporation dba **JOE'S SPORTS,**

**OUTDOOR & MORE ("JOE'S").**  Joe's operates 14 retail stores in Oregon.

     12.    Defendant **TOYS "R" US-DELAWARE, INC ("Toys R Us")** is a corporation

with its principal place of business in Wayne, New Jersey.   TOYS R US operates numerous

retail stores throughout Oregon.

## JURISDICTION AND VENUE

     13.    This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C.

§§ 1331 and 1338.  Plaintiffs' claims under state law are so closely related to plaintiffs' federal

claims that they are part of the same case or controversy under Article III of the United States

Constitution. Because the federal claims predominate, jurisdiction over the state claims is proper

under the doctrine of pendant jurisdiction.

     14.    Through sustained and ongoing contacts with and commercial activity in Oregon,

each of the defendants have purposely availed themselves to the privilege of conducting business

activities within Oregon, thereby invoking the benefits and protections of its laws, and/or have

purposefully directed conduct at and within Oregon that had effects within Oregon, and are

thereby subject to the personal jurisdiction of this Court. Defendants are further subject to

**PAGE 3 -**    **COMPLAINT (Patent Infringement, Trademark Infringement, Trademark**
               **Counterfeiting,  False Advertising, UTPA, Unfair Competition, Breach of Contract)**

RICK KLINGBEIL, PC
520 SW Sixth, #950
Portland, OR 97204
Ph: 503-473-8565
Fax: 503-546-0598
email: rick@klingbeil-law.com

personal jurisdiction since each has committed material acts alleged herein within this jurisdiction.

15.    Defendant Top's services include retail, promotional and product design consulting as well as fulfillment, pick and pack, and labeling. Tops' client list includes defendant Anheuser-Busch. Defendant Top has sustained and ongoing contact with Oregon, including contact through marketing, offers to sell, and sales of products into Oregon.

16.    Defendant Wild Sales has contact with Oregon through online sales from its websites, including www.wildsales.com and www.tailgatetoss.com, and has made sales to residents located within Oregon through use of these interactive commercial websites. Defendant Wild Sales markets, sells, and distributes its products through retailers located in Oregon, including defendants Sports Authority, Inc., Joe's, and Toys R Us. Through its interactive commercial websites, defendant Wild Sales directs potential purchasers of its products to retailers located in Oregon, including Sports Authority, Inc.'s six Oregon retail store locations, and Joe's fourteen retail stores in Oregon.

17.    Defendant Anheuser-Busch has contact with Oregon through direct importation, sales, marketing, and promotional sponsorship of its products in Oregon. Anheuser-Busch maintains a number of captive distributors with discreet distribution territories for its products within Oregon, and has a 39.5 percent ownership in Oregon's Widmer Brothers Brewing Company, headquartered in Portland, Oregon.

18.    Defendant NFL has contact with Oregon through marketing and sales of products within Oregon that are branded with national football league team logos and trade dress. Such marketing includes mail-in offers that are paired with the sales of products from various

**PAGE 4 -    COMPLAINT (Patent Infringement, Trademark Infringement, Trademark Counterfeiting, False Advertising, UTPA, Unfair Competition, Breach of Contract)**

RICK KLINGBEIL, PC
520 SW Sixth, #950
Portland, OR 97204
Ph: 503-473-8565
Fax: 503-546-0598
email: rick@klingbeil-law.com

manufacturers, including offers through Samsung that are marketed through Fred Meyer stores located in Oregon. (Exhibit A.) Sales of products branded with NFL football team logos are subject to NFL licensing agreements that generate significant profits to NFL from sales in Oregon. Oregon is a target market, and generates substantial sales of NFL branded items bearing the Seattle Seahawks, San Francisco 49ers, and other teams' logos and trade dress.

19.    Defendant IMG is the world's premier and most diversified sports, entertainment, and media company. IMG partners with the world's leading marketers and media networks to help them grow their businesses through event properties, media production and distribution, talent brands, sponsorship consulting, brand licensing, sponsorship sales and other services.

20.    Collegiate Licensing Corporation ("CLC") is a division of defendant IMG. CLC represents the consolidated retail power of the many colleges, universities, athletic conferences, bowl games, and other collegiate institutions that comprise the CLC Consortium. According to its website, CLC's partnerships with its clients are focused on the goal of protecting, preserving, and maintaining both the integrity and value of its clients' trademarks, which typically focus on trademarks and trade dress associated with collegiate sports teams, while ensuring that consumers have access to quality licensed merchandise across all distribution channels.

21.    In connection with these activities, CLC markets its services in the state of Oregon through various Oregon universities and colleges, and licensing agreements and contracts with marketers and retailers within the state of Oregon. CLC obtains licensing fees and profits from items distributed, offered for sale, and sold within Oregon, and throughout the United States.

22.    Defendant Sports Authority has contact with Oregon through retail sales of

**PAGE 5 -    COMPLAINT (Patent Infringement, Trademark Infringement, Trademark Counterfeiting, False Advertising, UTPA, Unfair Competition, Breach of Contract)**

RICK KLINGBEIL, PC
520 SW Sixth, #950
Portland, OR 97204
Ph: 503-473-8565
Fax: 503-546-0598
email: rick@klingbeil-law.com

products at six stores located throughout Oregon, with total sales revenue of approximately twenty five million dollars each year within Oregon.

23.    Defendant Amazon is the world's largest online retailer.  It has contact with Oregon through its interactive website, www.amazon.com, and through affiliate relationships with hundreds of other retailers and other entities that market and sell products in Oregon from orders generated from the www.amazon.com website.  Its direct contacts with Oregon generate sales revenue of several million dollars each year.  Its website, www.amazon.com, generates more than 10,000 visits per month from shoppers in Oregon.

24.    Defendant Joe's has contact with Oregon through the operation of fourteen retail stores located throughout Oregon.

25.    Defendant Toys R Us has contact with Oregon through the operation of several retail stores located throughout Oregon.

26.    Defendants have committed acts of infringement within this judicial district, have regular and established business activities or places of business within this judicial district, and are therefore subject to personal jurisdiction within this judicial district.  This court is a proper venue pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## PATENT AND TRADEMARK AT ISSUE

27.    On October 26, 2004 the United States Patent and Trademark Office issued U.S. Patent No. 6,808,175 ("the '175 patent") to Bradford J. Gleeson. A copy of the '175 patent is attached as Exhibit B.

28.    On May 15, 2007, pursuant to 15 U.S.C. 1052, the United States Patent and Trademark Office issued to plaintiff Tailgate Nation, Inc. a trademark with registration number

**PAGE 6 -    COMPLAINT (Patent Infringement, Trademark Infringement, Trademark Counterfeiting,  False Advertising, UTPA, Unfair Competition, Breach of Contract)**

RICK KLINGBEIL, PC
520 SW Sixth, #950
Portland, OR 97204
Ph: 503-473-8565
Fax: 503-546-0598
email: rick@klingbeil-law.com

3243000 for the trade mark "Tailgate Nation." A copy of the registration documents for the

"Tailgate Nation" trade mark is attached as Exhibit C.

## MATERIAL FACTS

29.     At no time have plaintiffs licensed, assigned, or permitted defendants or any other

person or entity the right to practice any of the legal rights granted under the '175 patent.

30.     At no time have plaintiffs licensed, assigned, or permitted defendants or any other

person or entity the right to use the registered mark "Tailgate Nation."

31.     At no time have plaintiffs licensed, assigned, or permitted defendants or any other

person or entity the right to use the same or similar trade dress for the device disclosed under the

'175 patent.

32.     On or about late 2003, plaintiffs contacted defendant Top, and requested that Top,

through its president Jon Hodgins, act as an agent to secure a manufacturer who was ready,

willing, and able to produce quantities of the device disclosed in the '175 patent (hereinafter,

"'175 device"). Thereafter, Top presented a number of prototypes to plaintiffs. Because of

inferior quality and workmanship, none were acceptable to plaintiffs.

33.     At the time plaintiffs contacted Top and thereafter, they were in the process of

choosing a volume manufacturer to produce a substantial volume of the '175 device on an

ongoing basis. At that time, and continuing to the present, plaintiffs were ready, willing, and

fully capable of producing the '175 device and bringing it to market throughout the United States

in quantities sufficient to meet the potential demand.

34.     Top terminated its relationship with plaintiffs, and approached one or more of the

defendants, including defendant Anheuser-Busch with an offer to manufacture, produce, import,

**PAGE 7 -    COMPLAINT (Patent Infringement, Trademark Infringement, Trademark
              Counterfeiting,  False Advertising, UTPA, Unfair Competition, Breach of Contract)**

RICK KLINGBEIL, PC
520 SW Sixth, #950
Portland, OR 97204
Ph: 503-473-8565
Fax: 503-546-0598
email: rick@klingbeil-law.com

and supply to defendants inferior quality infringing copies of the '175 device (hereinafter "infringing '175 device.")  The infringing '175 devices supplied by Top to one or more of the defendants were the same inferior quality devices which plaintiffs had earlier rejected.

35.     Defendants' devices infringe the '175 patent because they fall within one or more of the claims for the '175 patent, or perform substantially the same function in substantially the same way to obtain the same result as the '175 device.

36.     Top knew the device it offered to defendant Anheuser-Busch and others infringed upon the '175 patent, knew that it infringed plaintiffs trademark rights to the mark "Tailgate Nation," and knew that the device infringed plaintiffs' trade dress for the '175 device.  Top's conduct was willful and wanton, undertaken in bad faith, and with the intent that Top and others profit from its misconduct. Top and others profited from the misconduct.

37.     Thereafter, defendants individually, through others, in concert with others, or by inducing others to do the same began importing into the United States, and/or making, marketing, distributing, offering for sale, and selling within the United States inferior quality copies of the infringing '175 device (hereinafter "infringing activities.")

38.     Defendant Anheuser-Busch engaged in one or more infringing activities through its internet store, www.Budshop.com. The website / domain www.Budshop.com began operation on December 6, 1998. Anheuser-Busch marketed the infringing '175 device as the "Budweiser / Bud Light Tailgate Nation Football Game." An example page from Anheuser-Busch's website is attached as Exhibit D.

39.     Defendant Anheuser-Busch's actions were done with actual knowledge, or with reckless disregard as to whether the devices it offered for sale and sold infringed plaintiffs'

**PAGE 8 -     COMPLAINT (Patent Infringement, Trademark Infringement, Trademark Counterfeiting,  False Advertising, UTPA, Unfair Competition, Breach of Contract)**

RICK KLINGBEIL, PC
520 SW Sixth, #950
Portland, OR 97204
Ph: 503-473-8565
Fax: 503-546-0598
email: rick@klingbeil-law.com

"Tailgate Nation" trade mark, trade dress, and the '175 patent. Anheuser-Busch's conduct was willful and wanton, undertaken in bad faith, and with the intent that it and others profit from its misconduct. Anheuser-Busch and others profited from the misconduct.

40.    Defendant Wild Sales operates at least three domains / websites from which it conducts online marketing and sales, www.tailgateToss.com, www.wildsales.com, and www.bestrecreationalgames.com. Www.tailgatetoss.com began operation on August 6, 2004. These domains / websites proclaim that Wild Sales is:

> "Home of Wild Sales, the manufacturer and leading provider of Licensed Tailgating and Outdoor Games. Our flagship products, Tailgate Toss (The Original Bean Bag Toss Game) and Football Toss (The Original Football Bolo Toss Game) are the hottest outdoor games on the market. These exciting games can be enjoyed by all ages, packs up easily for travel and are perfect for tailgating and backyard fun. Choose from over 75 officially licensed NFL, NCAA, MLB and NASCAR games." Exhibit E.

41.    Wild Sales engaged in one or more infringing activities through its internet-based sales, and its other sales and distribution partners, retailers, and networks, including sales through defendants NFL, CLC licensees, Sports Authority, Amazon, Joe's, and Toys R Us. An example page from the Wild Sales' website is attached as Exhibit E.

42.    Most of the infringing '175 devices offered for sale or sold by Wild Sales were and are subject to a licensing agreement that requires a royalty payment to defendant NFL or IMG.

43.    Defendant NFL engaged in one or more infringing activities through its online store, www.nflshop.com. The www.nflshop.com website / domain began operation on February 29, 2000. At various locations throughout its website, NFL describes the infringing '175 devices as a "Wild Sales [Team Name] The Original Football Toss." Depending on the team selected, shoppers are directed to different locations within the website, and the names of one of the thirty-

**PAGE 9 -**    **COMPLAINT (Patent Infringement, Trademark Infringement, Trademark Counterfeiting, False Advertising, UTPA, Unfair Competition, Breach of Contract)**

RICK KLINGBEIL, PC
520 SW Sixth, #950
Portland, OR 97204
Ph: 503-473-8565
Fax: 503-546-0598
email: rick@klingbeil-law.com

two NFL football teams are inserted in place of [Team Name] in the above description. An example page from the NFL defendants' website is attached as Exhibit F.

44.    Defendant NFL also engaged in one or more infringing activities by entering into licensing agreements related to infringing '175 devices imported into the United States, and/or marketed, distributed, offered for sale, or sold within the United States by others, and /or inducing others to undertake one or more of the above activities within the United States. Sales of infringing '175 devices subject to NFL licensing agreements and royalty payments generated significant profits and marketing exposure for defendant NFL, and its licensees.

45.    Defendant Sports Authority engaged in one or more infringing activities by marketing, distributing, offering for sale, or selling infringing '175 devices in the United States through its retail stores and its website www.sportsauthority.com. The website / domain www.sportsauthority.com began operation on or about December 6, 1998.

46.    Most or all of the infringing '175 devices offered for sale or sold by Sports Authority were and are subject to a licensing agreement that requires a royalty payment to defendant NFL or IMG.

47.    Defendant Amazon engaged in one or more infringing activities by marketing, distributing, offering for sale, or selling infringing '175 devices within the United States through its website www.amazon.com and through affiliate relationships with other retailers and entities. The website / domain www.amazon.com began operation on or about December 12, 1998.

48.    Most or all of the infringing '175 devices offered for sale or sold by Amazon were and are subject to a licensing agreement that requires a royalty payment to defendant NFL or IMG.

**PAGE 10 -    COMPLAINT (Patent Infringement, Trademark Infringement, Trademark Counterfeiting,  False Advertising, UTPA, Unfair Competition, Breach of Contract)**

RICK KLINGBEIL, PC
520 SW Sixth, #950
Portland, OR 97204
Ph: 503-473-8565
Fax: 503-546-0598
email: rick@klingbeil-law.com

49.     Defendant Joe's engaged in one or more infringing activities by marketing, distributing, offering for sale, or selling infringing '175 devices within the United States through its stores and its websites www.gijoes.com and www.joessports.com. The website / domain www.gijoes.com began operation on or about December 19, 1996, and www.joessports.com began operation on or about May 1, 2007.

50.     Most or all of these infringing '175 devices offered for sale or sold by Joe's were and are subject to a licensing agreement that requires a royalty payment to defendant NFL or IMG.

51.     Defendant Toys R Us engaged in one or more infringing activities by marketing, distributing, offering for sale, or selling infringing '175 devices within the United States through its stores and its website www.toysrus.com. The website / domain www.toysrus.com began operation on or about December 28, 1996.

52.     Most or all of these infringing '175 devices offered for sale or sold by Toys R Us were and are subject to a licensing agreement that requires a royalty payment to defendant NFL or IMG.

53.     The actions and conduct of the defendants, separately and in the aggregate, destroyed or substantially diminished plaintiffs' ability to successfully market and sell the '175 device by:

(a)     saturating the market with infringing '175 devices;

(b)     saturating the market with infringing '175 devices of inferior quality;

(c)     saturating the market with infringing '175 devices which were offered for sale at a price which was too high given the quality level of the product;

**PAGE 11 -     COMPLAINT (Patent Infringement, Trademark Infringement, Trademark Counterfeiting, False Advertising, UTPA, Unfair Competition, Breach of Contract)**

RICK KLINGBEIL, PC
520 SW Sixth, #950
Portland, OR 97204
Ph: 503-473-8565
Fax: 503-546-0598
email: rick@klingbeil-law.com

(d)    foreclosing plaintiffs' ability to seek licensing and branding from the NFL
and/or IMG / CLC which is necessary to successfully market the '175
device to college and professional football fans and enthusiasts;

(e)    obtaining marketing channels, partnerships, and relationships with major
distributors and sellers who are available to distribute and sell the '175
device, thereby foreclosing plaintiffs from obtaining these or equivalent
channels, partnerships, and relationships for distribution and sales.

### CLAIM FOR ENHANCED DAMAGES

54.    Defendants' conduct described above evidenced willful and deliberate infringement
and violations of plaintiffs' rights, justifying an award of interests, costs, and treble damages
under 35 U.S.C. § 284.

55.    The conduct of Top, Anheuser-Busch, and Wild Sales was willful and deliberate,
involved unfairness, bad faith, and inequitable conduct.  The case against these defendants is an
exceptional case, justifying an award of attorney fees against them under 35 U.S.C. § 285.

### FIRST CLAIM FOR RELIEF

### PATENT INFRINGEMENT - 35 U.S.C. § 271

### (All Defendants)

56.    Plaintiffs reallege and incorporate by reference the allegations stated in paragraphs
1 through 55.

57.    Defendants have infringed, and continue to infringe the '175 patent by making,
using, importing, offering for sale, and/or selling in the United States products that, while of
inferior quality, fall within one or more of the claims for the '175 patent, or perform substantially

**PAGE 12 -    COMPLAINT (Patent Infringement, Trademark Infringement, Trademark**
**Counterfeiting,  False Advertising, UTPA, Unfair Competition, Breach of Contract)**

RICK KLINGBEIL, PC
520 SW Sixth, #950
Portland, OR 97204
Ph: 503-473-8565
Fax: 503-546-0598
email: rick@klingbeil-law.com

the same function in substantially the same way to obtain the same result as the '175 device. Defendants' actions were done without authority, a prohibited activity under 35 U.S.C. § 271(a).

58.     Defendants were and are actively inducing their distributors, resellers, and others to infringe the '175 patent, a prohibited activity under 35 U.S.C. § 271(b).

59.     Plaintiffs will suffer irreparable damage from defendants' conduct unless enjoined by this Court from acts that infringe the '175 patent.

60.     There are no possible non-infringing uses or applications for the infringing '175 devices.  To prevent future infringement and additional damages to plaintiffs, the appropriate remedy is an injunction pursuant to 35 U.S.C. § 283 ordering the destruction of all defendants' infringing '175 devices, or seizure of all such devices to be turned over to plaintiffs for liquidation.

61.     Plaintiffs have suffered, and will continue to suffer economic loss and damages, including loss of past and future royalties as a result of defendants' infringement of the '175 patent, as set forth in plaintiff's prayer for relief below, and in an amount to be determined at trial.

### SECOND CLAIM FOR RELIEF

### FALSE ADVERTISING - 15 U.S.C. § 1125(a))

### (All Defendants)

62.     Plaintiffs reallege and incorporate the allegations stated in paragraphs 1-55.

63.     Defendants' unlawful, unauthorized, and unlicensed advertising, marketing, offers to sale, and sales into interstate commerce using false and misleading descriptions and representations of fact on their websites and elsewhere, including use of the description "Tailgate

**PAGE 13 -    COMPLAINT (Patent Infringement, Trademark Infringement, Trademark Counterfeiting,  False Advertising, UTPA, Unfair Competition, Breach of Contract)**

RICK KLINGBEIL, PC
520 SW Sixth, #950
Portland, OR 97204
Ph: 503-473-8565
Fax: 503-546-0598
email: rick@klingbeil-law.com

Nation Football Game," and /or assertions that the infringing '175 devices are "The Original Football Toss" and/or "The Original Football Bolo Toss Game" is likely to confuse or deceive the public regarding the origin, sponsorship, approval, characteristics, or qualities of the device, and is likely to influence purchasing decisions.

64.    Defendants' conduct is a violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

65.    There are no possible non-infringing uses or applications for the advertising and marketing materials used for defendants' infringing '175 devices. To prevent future infringement and additional damages to plaintiffs, the appropriate remedy is an injunction ordering the destruction of all defendants' marketing materials, electronic postings, and other materials containing false and misleading descriptions and representations of fact regarding the infringing '175 devices.

66.    Plaintiffs have suffered, and will continue to suffer economic loss and damages, including loss of past and future royalties, as a result of defendants' conduct as set forth in plaintiff's prayer for relief below, and in an amount to be determined at trial.

### THIRD CLAIM FOR RELIEF

### UNLAWFUL TRADE PRACTICES ACT - ORS 646.605

### (Against Top, Anheuser-Busch, and Wild Sales)

67.    Plaintiffs reallege and incorporate the allegations stated in paragraphs 1-55 and 63.

68.    Defendants' conduct violated one or more of the following provisions of Oregon's Unlawful Trade Practices Act ("UTPA"), including ORS 646.608(1)(a), (b), (c), (e), (g), (h), and

PAGE 14 -    **COMPLAINT (Patent Infringement, Trademark Infringement, Trademark Counterfeiting, False Advertising, UTPA, Unfair Competition, Breach of Contract)**

RICK KLINGBEIL, PC
520 SW Sixth, #950
Portland, OR 97204
Ph: 503-473-8565
Fax: 503-546-0598
email: rick@klingbeil-law.com

(u).

69.    As a direct and proximate result of defendants' violations, plaintiffs have suffered, and will continue to suffer economic loss and damages, including loss of past and future royalties, as set forth in plaintiff's prayer for relief below, and in an amount to be determined at trial.

70.    Plaintiffs are entitled to reasonable attorney fees incurred pursuing this action, pursuant to ORS 646.638.

71.    Defendants' violations of the UTPA were willful and wanton.

72.    Pursuant to ORS 646.638, plaintiffs are entitled to recover punitive damages for defendants' willful and wanton violations of the UTPA in an amount to be determined at trial.

## FOURTH CLAIM FOR RELIEF

## TRADEMARK INFRINGEMENT - 15 U.S.C.A. § 1114

### (Defendant Top, Anheuser-Busch)

73.    Plaintiffs reallege and incorporate the allegations stated in paragraphs 1-55, and 63.

74.    In connection with the marketing, distribution, advertising, offering for sale, and/or sales of the Anheuser-Busch infringing '175 device, defendant Anheuser Busch used non-genuine marks that were identical or substantially indistinguishable from Tailgate Nation's registered marks, including use of the mark "Tailgate Nation." Such use was likely to cause confusion, mistake, and/or to deceive consumers.

75.    Defendant Top, through the actions described above, substantially contributed to Anheuser-Busch's and others' infringement of plaintiffs' trademarks and trade dress.

**PAGE 15 -    COMPLAINT (Patent Infringement, Trademark Infringement, Trademark Counterfeiting,  False Advertising, UTPA, Unfair Competition, Breach of Contract)**

RICK KLINGBEIL, PC
520 SW Sixth, #950
Portland, OR 97204
Ph: 503-473-8565
Fax: 503-546-0598
email: rick@klingbeil-law.com

76.     The "Tailgate Nation" mark is registered on the Principal Register for the same class of goods as those with which defendant Anheuser-Busch's counterfeit marks were used.

77.     At all material times, defendants' use of the "Tailgate Nation" mark was unauthorized by plaintiffs.

78.     Plaintiffs have been irreparably harmed in their business, and will continue to suffer irreparable harm unless defendants are restrained from infringing the "Tailgate Nation" mark. Plaintiffs have no adequate remedy at law and, if defendants' activities are not enjoined, plaintiffs will continue to suffer irreparable harm and injury.

79.     There are no possible non-infringing uses or applications for the advertising and marketing materials used in connection defendants' infringing '175 devices. To prevent future infringement and additional damages to plaintiffs, the only appropriate remedy is an injunction ordering the destruction of all defendants' marketing materials, electronic postings, or other such materials that infringe the "Tailgate Nation" mark.

80.     Plaintiffs have suffered, and will continue to suffer economic loss and damages as a result of defendants' infringement of the "Tailgate Nation" mark, as set forth in plaintiff's prayer for relief below, and in an amount to be determined at trial.

### FIFTH CLAIM FOR RELIEF

### TRADEMARK INFRINGEMENT - 15 U.S.C.A. § 1114(a)

### (Defendant Wild Sales, NFL, Sports Authority, Amazon, Joe's, and Toys R Us)

81.     Plaintiffs reallege and incorporate the allegations stated in paragraphs 1-55, and 63.

82.     In connection with the marketing, distribution, advertising, offering for sale,

**PAGE 16 -    COMPLAINT (Patent Infringement, Trademark Infringement, Trademark Counterfeiting, False Advertising, UTPA, Unfair Competition, Breach of Contract)**

RICK KLINGBEIL, PC
520 SW Sixth, #950
Portland, OR 97204
Ph: 503-473-8565
Fax: 503-546-0598
email: rick@klingbeil-law.com

and/or sales of the defendants' infringing '175 devices, defendants used non-genuine marks that were substantially indistinguishable from Tailgate Nation's registered marks, including use of the mark "Tailgate Toss," coupled with the claim that the infringing '175 device was "The Original Football Toss" and/or "The Original Football Bolo Toss Game." Such use was likely to cause confusion, mistake, and/or to deceive consumers.

83.    Defendant Wild Sales posted a review from the Sports Illustrated publication "Tailgate Nation" on its website in connection with Wild Sales' products. The term "Tailgate Nation" is used by Sports Illustrated for a different class of goods or services that plaintiffs' use. The posting and use of the Sports Illustrated "Tailgate Nation" review, however, was designed and displayed in a manner which was highly likely to cause confusion, mistake, and/or to deceive consumers concerning the source, sponsorship, or approval of the defendants' infringing '175 devices. (Exhibit G).

84.    The "Tailgate Nation" mark is registered on the Principal Register for the same class of goods as those with which defendants' sold from its website where the "Tailgate Nation" marks were used.

85.    At all material times, defendants' use of the "Tailgate Nation" marks, or substantially similar marks was unauthorized by plaintiffs.

86.    Plaintiffs have been irreparably harmed in their business, and will continue to suffer irreparable harm unless defendants are restrained from infringing the "Tailgate Nation" mark. Plaintiffs have no adequate remedy at law and, if defendants' activities are not enjoined, plaintiffs will continue to suffer irreparable harm and injury.

87.    There are no possible non-infringing uses or applications for the advertising and

**PAGE 17 - COMPLAINT (Patent Infringement, Trademark Infringement, Trademark Counterfeiting, False Advertising, UTPA, Unfair Competition, Breach of Contract)**

RICK KLINGBEIL, PC
520 SW Sixth, #950
Portland, OR 97204
Ph: 503-473-8565
Fax: 503-546-0598
email: rick@klingbeil-law.com

marketing materials used for defendants' infringing '175 devices. To prevent future infringement and additional damages to plaintiffs, the only appropriate remedy is an injunction ordering the destruction of all defendants' marketing materials, electronic postings, or other materials that infringe the "Tailgate Nation" mark.

88.    Plaintiffs have suffered, and will continue to suffer economic loss and damages as a result of defendants' infringement of the "Tailgate Nation" mark, as set forth in plaintiff's prayer for relief below, and in an amount to be determined at trial.

## SIXTH CLAIM FOR RELIEF

## TRADEMARK COUNTERFEITING - 15 U.S.C. §§ 1114 - 1116

### (Defendant Anheuser-Busch only)

89.    Plaintiffs reallege and incorporate the allegations stated in paragraphs 1-55.

90.    Defendant Anheuser-Busch intentionally used counterfeits of the "Tailgate Nation" marks in connection with the sale and or offering for sale or distribution of its goods and services, namely in connection with the sale and or offering for sale or distribution of its infringing '175 device.

91.    Defendant Anheuser-Busch's use of counterfeit copies of the "Tailgate Nation" mark in connection with its infringing '175 device is likely to cause confusion, mistake or to deceive consumers.

92.    The "Tailgate Nation" mark is registered on the Principal Register for the same class of goods as those with which defendant's counterfeit marks were used.

93.    Defendant Anheuser-Busch counterfeited plaintiffs' registered trademark and traded on the plaintiffs' reputation, as the owners of the trademark.

**PAGE 18 -    COMPLAINT (Patent Infringement, Trademark Infringement, Trademark Counterfeiting,  False Advertising, UTPA, Unfair Competition, Breach of Contract)**

RICK KLINGBEIL, PC
520 SW Sixth, #950
Portland, OR 97204
Ph: 503-473-8565
Fax: 503-546-0598
email: rick@klingbeil-law.com

94.     At all material times, defendant's use of the "Tailgate Nation" marks, or substantially similar marks was unauthorized by plaintiffs.

95.     Plaintiffs have been irreparably harmed in their business, and will continue to suffer irreparable harm unless defendant is restrained from infringing the "Tailgate Nation" mark.  Plaintiffs have no adequate remedy at law and, if defendant's activities are not enjoined, plaintiffs will continue to suffer irreparable harm and injury.

96.     There are no possible non-infringing uses or applications for the advertising and marketing materials used for defendants' infringing devices. To prevent future infringement and additional damages to plaintiffs, the only appropriate remedy is an injunction ordering the destruction of all defendant's marketing materials, electronic postings, or other materials that infringe the "Tailgate Nation" mark.

97.     Plaintiffs have suffered, and will continue to suffer economic loss and damages as a result of defendant's infringement of the "Tailgate Nation" mark, as set forth in plaintiff's prayer for relief below, and in an amount to be determined at trial.

### SEVENTH CLAIM FOR RELIEF

### TRADEMARK COUNTERFEITING - ORS 647.135

### (Defendant Anheuser-Busch only)

98.     Plaintiffs reallege and incorporate the allegations stated in paragraphs 1-53.

99.     Defendant Anheuser-Busch knowingly and with the intent to sell or distribute, and without the consent of plaintiffs used, displayed, advertised, distributed, offered for sale, sold, and/or possessed infringing devices that were identified by a counterfeit of a mark registered to plaintiffs, and that was identical to or substantially indistinguishable from plaintiffs' registered

**PAGE 19 -    COMPLAINT (Patent Infringement, Trademark Infringement, Trademark Counterfeiting,  False Advertising, UTPA, Unfair Competition, Breach of Contract)**

RICK KLINGBEIL, PC
520 SW Sixth, #950
Portland, OR 97204
Ph: 503-473-8565
Fax: 503-546-0598
email: rick@klingbeil-law.com

mark.

100.    Defendant Anheuser-Busch counterfeited plaintiffs' registered trademark in violation of ORS 647.135.

101.    Plaintiffs have been irreparably harmed in their business, and will continue to suffer irreparable harm unless defendant Anheuser-Busch is restrained from counterfeiting the "Tailgate Nation" mark.  Plaintiffs have no adequate remedy at law and, if defendant Anheuser-Busch's activities are not enjoined, plaintiffs will continue to suffer irreparable harm and injury.

102.    There are no possible non-infringing uses or applications for the Anheuser-Busch infringing devices.  To prevent future infringement and additional damages to plaintiffs, the only appropriate remedy is an injunction ordering the destruction of all defendant Anheuser-Busch devices that infringe plaintiffs' trade mark.

103.    Plaintiffs have suffered, and will continue to suffer economic loss and damages as a result of defendant's counterfeiting of the "Tailgate Nation" mark, as set forth in plaintiff's prayer for relief below, and in an amount to be determined at trial.

## EIGHTH CLAIM FOR RELIEF

## TRADEMARK DILUTION BY TARNISHMENT - 15 USC § 1125

### (All Defendants)

104.    Plaintiffs reallege and incorporate the allegations stated in paragraphs 1-103.

105.    Defendants' unauthorized use of plaintiffs' trademark included linking it to infringing '175 devices that were / are of poor or inferior quality and workmanship, and that are likely to reflect adversely upon the quality and reputation of plaintiffs' products marketed under the "Tailgate Nation" mark, including the device disclosed by the '175 patent.

**PAGE 20 -    COMPLAINT (Patent Infringement, Trademark Infringement, Trademark Counterfeiting,  False Advertising, UTPA, Unfair Competition, Breach of Contract)**

RICK KLINGBEIL, PC
520 SW Sixth, #950
Portland, OR 97204
Ph: 503-473-8565
Fax: 503-546-0598
email: rick@klingbeil-law.com

106.    Plaintiffs have been irreparably harmed in their business, and will continue to suffer irreparable harm unless defendants are restrained from further dilution of the "Tailgate Nation" mark.  Plaintiffs have no adequate remedy at law and, if defendants' activities are not enjoined, plaintiffs will continue to suffer irreparable harm and injury.

107.    There are no possible non-infringing uses or applications for the infringing devices.  To prevent future infringement and additional damages to plaintiffs, the only appropriate remedy is an injunction ordering the destruction of all defendants' '175 devices that dilute plaintiffs' "Tailgate Nation" mark.

108.    Plaintiffs have suffered, and will continue to suffer economic loss and damages as a result of defendant's dilution of the "Tailgate Nation" mark, as set forth in plaintiff's prayer for relief below, and in an amount to be determined at trial.

### NINTH CLAIM FOR RELIEF

### UNFAIR COMPETITION - MISAPPROPRIATION - 15 USC § 1125

### (All Defendants)

109.    Plaintiffs reallege and incorporate the allegations stated in paragraphs 1-108.

110.    Defendants and plaintiffs are competitors in the national marketplace.

111.    Plaintiffs have invested a substantial amount of time, money, skill, and effort to create the "Tailgate Nation" trademark, to obtain the '175 patent, and create the trade dress associated with the '175 patent, all of which have commercial value.

112.    Defendants, through the acts set forth above, unfairly misappropriated the commercial value created by the plaintiffs in the Tailgate Nation trademark, the '175 patent, and trade dress.

**PAGE 21 -    COMPLAINT (Patent Infringement, Trademark Infringement, Trademark Counterfeiting,  False Advertising, UTPA, Unfair Competition, Breach of Contract)**

RICK KLINGBEIL, PC
520 SW Sixth, #950
Portland, OR 97204
Ph: 503-473-8565
Fax: 503-546-0598
email: rick@klingbeil-law.com

113.    Plaintiffs have been irreparably harmed in their business by defendants' misappropriation, and will continue to suffer irreparable harm unless defendants are restrained from such further conduct. Plaintiffs have no adequate remedy at law and, if defendants' activities are not enjoined, plaintiffs will continue to suffer irreparable harm and injury.

114.    There are no possible non-infringing uses or applications for the infringing devices or the associated marketing or sales materials. To prevent future infringement and additional damages to plaintiffs, the appropriate remedy is an injunction ordering the destruction of all defendants' infringing '175 devices and all infringing marketing and sales materials.

115.    Plaintiffs have suffered, and will continue to suffer economic loss and damages as a result of defendants' unfair competition. Defendants' conduct has damaged plaintiffs as set forth in plaintiff's prayer for relief below, and in an amount to be determined at trial.

## TENTH CLAIM FOR RELIEF

## COMMON LAW UNFAIR COMPETITION

### (All Defendants)

116.    Plaintiffs reallege and incorporate the allegations stated in paragraphs 1-115.

117.    Defendants' conduct constituted and constitutes unfair competition under the common law.

## ELEVENTH CLAIM FOR RELIEF

## BREACH OF CONTRACT

### (Defendant Top)

118.    Plaintiffs reallege and incorporate the allegations stated in paragraphs 1-55.

119.    A contract existed between plaintiffs and defendant Top, the terms of which

**PAGE 22 -    COMPLAINT (Patent Infringement, Trademark Infringement, Trademark Counterfeiting, False Advertising, UTPA, Unfair Competition, Breach of Contract)**

RICK KLINGBEIL, PC
520 SW Sixth, #950
Portland, OR 97204
Ph: 503-473-8565
Fax: 503-546-0598
email: rick@klingbeil-law.com

required Top act in good faith to acquire for plaintiffs a source to manufacture the '175 device, and that Top would not engage in conduct inconsistent with the rights and protections afforded to plaintiffs under the '175 patent, under the "Tailgate Nation" mark, and arising from trade dress associated with the '175 device.

120.    Top materially breached its obligations to plaintiffs as set forth above.

121.    It was foreseeable to Top at the time of its breach that plaintiffs would be exposed to significant consequential damages and harm as a result of its breach.

122.    Plaintiffs have suffered, and will continue to suffer economic loss and damages as a result of defendant Top's breach, as set forth in plaintiff's prayer for relief below, and in an amount to be determined at trial.

**WHEREFORE**, plaintiffs ask for judgment as follows:

1.    On plaintiffs' **First Claim for Relief for Patent Infringement** against all defendants for:

       A.    A preliminary injunction or, in the alternative a permanent injunction under 35 USC § 283 restraining defendants from further infringing activity;

       B.    A preliminary injunction or, in the alternative a permanent injunction under 35 USC § 283 ordering defendants to destroy all infringing devices within their possession, custody, or control;

       C.    Economic damages adequate to compensate for plaintiffs' lost profits caused by defendants' infringement, or in the alternative a reasonable royalty for defendants' use of the device disclosed by the '175 patent;

**PAGE 23 -    COMPLAINT (Patent Infringement, Trademark Infringement, Trademark Counterfeiting, False Advertising, UTPA, Unfair Competition, Breach of Contract)**

RICK KLINGBEIL, PC
520 SW Sixth, #950
Portland, OR 97204
Ph: 503-473-8565
Fax: 503-546-0598
email: rick@klingbeil-law.com

D.  Prejudgement interest pursuant to 35 USC § 284;

E.  Plaintiffs' costs incurred in pursuing this matter;

F.  Treble damages against defendant Top, Anheuser-Busch, and Wild Sales;

G.  Plaintiffs' attorney fees against defendant Top, Anheuser-Busch, and Wild Sales.

2.  On plaintiffs' **Second Claim for Relief for False Advertising** against all defendants for:

A.  A preliminary injunction or, in the alternative a permanent injunction under 15 USC § 1116(a) restraining defendants from further false advertising and violations of the Lanham Act;

B.  A preliminary injunction or, in the alternative a permanent injunction under 15 USC § 1116(a) ordering defendants to destroy all materials containing false and misleading descriptions and representations of fact regarding the infringing devices that are within their possession, custody, or control;

C.  Economic damages in the amount of defendants' profits gained as a result of their false advertising in violation of the Lanham Act;

D.  Economic damages sustained by plaintiff as a result of defendants' false advertising in violation of the Lanham Act;

E.  Prejudgement interest;

F.  Plaintiffs' costs incurred in pursuing this matter pursuant to 15 USC § 1117(a);

**PAGE 24 -    COMPLAINT (Patent Infringement, Trademark Infringement, Trademark Counterfeiting, False Advertising, UTPA, Unfair Competition, Breach of Contract)**

RICK KLINGBEIL, PC
520 SW Sixth, #950
Portland, OR 97204
Ph: 503-473-8565
Fax: 503-546-0598
email: rick@klingbeil-law.com

G.      Plaintiffs' attorney fees against defendant Top, Anheuser-Busch, and Wild

Sales;

H.      Punitive damages against defendant Top, Anheuser-Busch, and Wild

Sales.

3.      On plaintiffs' **Third Claim for Relief for Violation of the Oregon UTPA**

against defendants Top, Anheuser-Busch, and Wild Sales for:

A.      A preliminary injunction or, in the alternative a permanent injunction

restraining defendants from further violations of the UTPA;

B.      Economic damages sustained by plaintiff as a result of defendants'

violations of the UTPA;

C.      Plaintiffs' costs incurred in pursuing this matter;

D.      Plaintiffs' attorney fees;

E.      Punitive damages.

4.      On plaintiffs' **Fourth and Fifth Claims for Relief for Trademark**

**Infringement** against all defendants for:

A.      A preliminary injunction or, in the alternative a permanent injunction

under 15 USC § 1116(a) restraining defendants from further acts of

infringement;

B.      A preliminary injunction or, in the alternative a permanent injunction

under 15 USC § 1116(d) ordering seizure or destruction of all infringing

materials within defendants' possession, custody, or control;

C.      Defendants' profits gained as a result of their infringement of plaintiffs'

**PAGE 25 -    COMMPLAINT (Patent Infringement, Trademark Infringement, Trademark
Counterfeiting,  False Advertising, UTPA, Unfair Competition, Breach of Contract)**

RICK KLINGBEIL, PC
520 SW Sixth, #950
Portland, OR 97204
Ph: 503-473-8565
Fax: 503-546-0598
email: rick@klingbeil-law.com

mark;

D.    Economic damages sustained by plaintiff as a result of defendants' infringement of plaintiffs' mark;

E.    Prejudgement interest;

F.    Plaintiffs' costs incurred in pursuing this matter pursuant to 15 USC § 1117(a);

G.    Plaintiffs' attorney fees against defendant Top, Anheuser-Busch, and Wild Sales;

H.    Against defendant Top, Anheuser-Busch, and Wild Sales: three times the greater of (1) defendant's profits gained as a result of counterfeiting plaintiffs' mark or (2) economic damages sustained by plaintiffs.

5.    On plaintiffs' **Sixth Claim for Relief for Trademark Counterfeiting** against defendant Anheuser-Busch for:

A.    A preliminary injunction or, in the alternative a permanent injunction under 15 USC § 1116(a) restraining defendant from further acts of trademark counterfeiting;

B.    A preliminary injunction or, in the alternative a permanent injunction under 15 USC  § 1116(a) ordering seizure or destruction of all counterfeit materials within defendant's possession, custody, or control;

C.    Three times the greater of: (1) defendant's profits gained as a result of counterfeiting plaintiffs' mark or (2) economic damages sustained by plaintiffs as a result of defendant's counterfeiting plaintiffs' mark or, IN

**PAGE 26 -   COMPLAINT (Patent Infringement, Trademark Infringement, Trademark Counterfeiting,  False Advertising, UTPA, Unfair Competition, Breach of Contract)**

RICK KLINGBEIL, PC
520 SW Sixth, #950
Portland, OR 97204
Ph: 503-473-8565
Fax: 503-546-0598
email: rick@klingbeil-law.com

THE ALTERNATIVE, statutory damages of not more than $1,000,000 per

counterfeit mark per type of goods sold, offered for sale, or distributed. 15

USC § 1117.

E.   Prejudgement interest;

F.   Plaintiffs' costs incurred in pursuing this matter pursuant to 15 USC §

1117(a);

G.   Plaintiffs' attorney fees.

6.   On plaintiffs' **Seventh Claim for Relief for State Law Trademark**

**Counterfeiting** against defendant Anheuser-Busch for:

A.   A preliminary injunction or, in the alternative a permanent injunction

restraining defendant from further acts of trademark counterfeiting

pursuant to ORS 647.155;

B.   A preliminary injunction or, in the alternative a permanent injunction

ordering seizure or destruction of all counterfeit materials within

defendant's possession, custody, or control pursuant to ORS 647.155;

C.   The greater of (1) defendant's profits gained as a result of counterfeiting

plaintiffs' mark, (2) economic damages sustained by plaintiffs as a result

of defendant's counterfeiting plaintiffs' mark or, (3) statutory damages of

not more than $100,000.00.  ORS 647.140.

E.   Prejudgement interest;

F.   Plaintiffs' costs incurred in pursuing this matter.

7.   On plaintiffs' **Eighth Claim for Relief for Trademark Dilution by**

**PAGE 27 -   COMPLAINT (Patent Infringement, Trademark Infringement, Trademark
Counterfeiting,  False Advertising, UTPA, Unfair Competition, Breach of Contract)**

RICK KLINGBEIL, PC
520 SW Sixth, #950
Portland, OR 97204
Ph: 503-473-8565
Fax: 503-546-0598
email: rick@klingbeil-law.com

**Tarnishment** against all defendants for:

      A.    A preliminary injunction or, in the alternative a permanent injunction under 15 USC § 1116(a) restraining defendants from further acts of trademark dilution;

      B.    A preliminary injunction or, in the alternative a permanent injunction under 15 USC § 1116(a) ordering seizure or destruction of all infringing materials within defendants' possession, custody, or control;

      C.    Economic damages in the amount of defendants' profits gained as a result of their infringement of plaintiffs' mark;

      D.    Economic damages sustained by plaintiff as a result of defendants' infringement of plaintiffs' mark;

      E.    Prejudgement interest;

      F.    Plaintiffs' costs incurred in pursuing this matter pursuant to 15 USC § 1117(a);

      G.    Plaintiffs' attorney fees.

8.    On plaintiffs' **Ninth Claim for Relief for Statutory Unfair Competition,** and **Tenth Claim for Relief for Common Law Unfair Competition** against all defendants for:

      A.    A preliminary injunction or, in the alternative a permanent injunction under restraining defendants from further acts of trademark dilution;

      B.    A preliminary injunction or, in the alternative a permanent injunction under ordering seizure or destruction of all infringing materials within defendants' possession, custody, or control;

**PAGE 28 -**    **COMPLAINT (Patent Infringement, Trademark Infringement, Trademark Counterfeiting,  False Advertising, UTPA, Unfair Competition, Breach of Contract)**

RICK KLINGBEIL, PC
520 SW Sixth, #950
Portland, OR 97204
Ph: 503-473-8565
Fax: 503-546-0598
email: rick@klingbeil-law.com

C.   Economic damages in the amount of defendants' profits gained as a result of their unfair competition;

D.   Economic damages sustained by plaintiff as a result of defendants' unfair competition;

E.   Punitive damages against defendant Top, Anheuser-Busch, and Wild Sales.

9.   On plaintiffs' **Eleventh Claim for Relief for Breach of Contract against defendant Top** for:

A.   Economic damages sustained by plaintiff as a result of defendant's breach.

B.   Plaintiffs' costs incurred in pursuing this matter.

DATED:  February 4, 2008.

RICK KLINGBEIL, P.C.

Rick Klingbeil, OSB #933326
of Attorneys for Plaintiffs

**PAGE 29 -   COMPLAINT (Patent Infringement, Trademark Infringement, Trademark Counterfeiting,  False Advertising, UTPA, Unfair Competition, Breach of Contract)**

RICK KLINGBEIL, PC
520 SW Sixth, #950
Portland, OR 97204
Ph: 503-473-8565
Fax: 503-546-0598
email: rick@klingbeil-law.com