FILED'08 JUN 04 15:43USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TAILGATE NATION INC., a Missouri corporation, et al.; and BRADFORD J. GLEESON, an individual,

Plaintiffs,

vs.

TOP MARKETING USA, a foreign corporation, et al.,

Defendant.

Civil No. 08-167-AA
OPINION AND ORDER

Rick Klingbeil
Rick Klingbeil, P.C.
520 SW Sixth, Ste. 950
Portland, Oregon 97204
Attorney for plaintiffs

John D. Ostrander
Elliott, Ostrander & Preston, P.C.
Attorneys At Law
707 SW Washington Street, Suite 1500
Portland, Oregon 97205
Attorney for defendant

AIKEN, Judge:

Defendant Top Marketing USA filed a motion to dismiss due to lack of personal jurisdiction. Defendant's motion is granted and this action is dismissed as to this defendant.

BACKGROUND

Plaintiffs Tailgate Nation, Inc., a Missouri corporation and Bradford Gleeson, an individual residing in Missouri, filed a complaint against several defendants, including defendant Top Marketing USA, alleging patent infringement, trademark infringement, trademark counterfeiting, false advertising, unfair competition, breach of contract and violation of the Uniform Trade Practices Act.

STANDARDS

1. Motion to Dismiss

Under Fed. R. Civ. P. 12(b)(6), once a claim has been stated adequately, it may be supported by "showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S.Ct. 1955, 1960 (2007). See also, Litchfield v. Spielberg, 736 F.2d 1352, 1357 (9th Cir. 1984), cert. denied, 470 U.S. 1052 (1985). For the purpose of the motion to dismiss, the complaint is liberally construed in favor of the plaintiffs, and its allegations are taken as true. Rosen v. Walters, 719 F.2d 1422, 1424 (9th Cir. 1983).

///

///

2. Personal Jurisdiction

Defendant moves to dismiss for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). The plaintiff bears the burden of establishing personal jurisdiction by a preponderance of the evidence. Hirsch v. Blue Cross, Blue Shield of Kansas, 800 F.2d 1474, 1477 (9th Cir. 1986). A two-part showing is required: (1) the forum state must have an applicable long-arm statute; and (2) the assertion of jurisdiction must comport with the constitutional requirements of due process. Data Disc, Inc. v. Systems Technology Assoc., Inc., 557 F.2d 1280, 1286 (9th Cir. 1977).

In diversity actions, federal courts must first examine the state's jurisdictional statute to determine if it provides for jurisdiction. Sinatra v. National Enquirer, Inc., 854 F.2d 1191, 1194 (9th Cir. 1988). Oregon's jurisdictional statute confers personal jurisdiction coextensive with due process. Or. R. Civ. P. 4L. As a result, "[t]his court need only analyze whether exercising jurisdiction comports with due process." Sinatra, 854 F.2d at 1194.

Due process requires minimum contacts between the defendant and the forum state such that the exercise of personal jurisdiction does not offend "traditional notions of fair play and substantial justice." International Shoe Co. v. State of Washington, 326 U.S. 310 (1945).

Specific Jurisdiction

A court may find general or specific jurisdiction over a defendant. Plaintiff only alleges specific jurisdiction here. To be subject to specific jurisdiction:

> (1) the nonresident defendant must purposefully direct his activities or consummate some transaction with the forum or residents thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protection of its laws;
>
> (2) the claim must be one that arises out of or relates to the defendant's forum-related activities [and];
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice; i.e. it must be reasonable.

Lake v. Lake, 817 F.2d 1416, 1421 (9th Cir. 1987).

DISCUSSION

Defendant's motion was filed April 21, 2008. Any response by plaintiff, who is represented by counsel, was due May 1, 2008. No opposition to this motion was filed. Therefore, this court proceeds on defendant's unopposed motion.

Regarding general jurisdiction, defendant has neither a place of business in the State of Oregon nor is it licensed to do business in the State of Oregon. Defendant does not sell to or purchase from anyone in the State of Oregon. Defendant does not contract with anyone in the State of Oregon for any purpose. Moreover, none of defendant's employees, while in defendant's employ, have visited the State of Oregon with the purpose of

conducting business on behalf of defendant nor does defendant promote or advertise to anyone in the State of Oregon. See Def Hodgins' Decl., ¶¶ 3-5. Finally, defendant does not operate a website. Id. at ¶ 4. Therefore, defendant's conduct fails to meet the requirements outlined above which would allow this court to exercise general jurisdiction.

Regarding the Ninth Circuit's three-prong minimum contact test for the exercise of specific jurisdiction over the defendant, plaintiff fails to establish all three prongs of the test. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476-77 (1985). Regarding the first prong requiring plaintiff to establish that defendant purposefully availed itself of the privilege of conducting activities in Oregon, it is required that "the defendant must have performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state." Glenn Walters Nursery, Inc. v. Kenly Farms, Inc., 2007 WL 845908, *3-4 (D. Or. 2007). I find no evidence that defendant avails itself in any way of any of the privileges of conducting business in Oregon. Defendant does not reach out to anyone in the State of Oregon to create continuing relationships or obligations. Defendant has not performed any affirmative conduct which allows or promotes the transaction of business with the State of Oregon. Further, none of defendant's conduct meet any part of the six part "purposeful availment"

guidelines detailed by the Ninth Circuit. See Sinatra, 854 F.2d at 1195.

Regarding the second prong, the Ninth Circuit employs a "but for" test of causation. Meyers v. Bennett Law Offices, 238 F.3d 1068, 1075 (9th Cir. 2001). This requirement is met if the cause of action would not have arisen "but for" the alleged contacts between defendant and the forum state. Defendant has no contacts with the forum state. Defendant is located in and has its principal place of business in St. Louis, Missouri. Plaintiff fails to satisfy the second prong.

Finally, the third prong requires a finding that the court's assertion of jurisdiction is reasonable. As noted above, defendant is not located in the State of Oregon nor does it conduct business in the State of Oregon. Jurisdiction over defendant is not reasonable.

I find no grounds to exercise either general or specific jurisdiction over defendant. Defendant's motion is granted.

///

///

///

///

///

///

///

CONCLUSION

Defendant Top Marketing USA's motion to dismiss due to lack of personal jurisdiction (doc. 32) is granted. Defendant's request for oral argument is denied as unnecessary.

IT IS SO ORDERED.

Dated this 4 day of June 2008.

Ann Aiken
United States District Judge